**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **No. 3:18-cr-22 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **DEQUEISHA SLEDGE,** | : | **April 30, 2018** |

<u>**GOVERNMENT'S OPPOSITION TO**</u>
<u>**DEFENDANT SLEDGE'S MOTION FOR A BILL OF PARTICULARS (#94)**</u>

The Government hereby opposes Defendant Sledge's motion for a bill of particulars. First, a bill of particulars is not warranted in this case because the information sought by Sledge is discovery information, which is not appropriate for a bill of particulars. Second, because this case proceeded by way of criminal complaint and master affidavit prior to indictment and because Sledge has received discovery, she already has sufficient information to make her aware of the specific acts of which she is accused.

I.   <u>**Relevant Background**</u>

Defendant Sledge was arrested on the morning of February 6, 2018, pursuant to a criminal complaint issued by Magistrate Judge Margolis. Supporting the criminal complaint was a 217 page master affidavit; the master affidavit was the basis for all 20 criminal complaints[1] as well as the various locations that law enforcement would search pursuant to warrants. The master affidavit outlines, *inter alia*, the following: (1) on September 14, 2017, Sledge sold two eight-balls (approximately seven grams) of crack to a confidential source

---

[1] Upon motion of the Government, the criminal complaint against James Johnson was dismissed because he died prior to arrest.

("CS") (¶¶ 16 & 65-70); that Sledge held one of the target telephones for Butler (¶ 22); and a selection of intercepted wire and electronic communications between Sledge and other members of the conspiracy (¶¶ 195-209).  In the paragraphs covering the intercepted wire and electronic communications, Sledge's conversations with co-conspirators are listed along with the co-conspirators' identities (when known), the date and session number of the call(s), and an explanation of why law enforcement believed those calls to be indicative of a drug conspiracy.

At Sledge's initial appearance on February 6, 2018, Sledge, through her attorney, was provided with a copy of the aforementioned master affidavit. Sledge was also provided with the three Title III wiretap applications, orders, and affidavits, which provided additional information about investigation and evidence obtained to date.

Sledge has received significant discovery in this case.  This discovery includes:  (1) all the audio files and line sheets from the five target telephones; (2) an extensive list of reports, including controlled purchases, surveillance, arrests, and searches; (3) applications for pen registers and other electronic surveillance; (4) applications for criminal complaints and search warrants; (5) post-arrest statements; (6) copies of criminal histories; and (7) a "greatest hits" disk,[2] which contains the audio and line sheets from communications that involve Sledge and were intercepted by the Government.

---

[2] Although both AUSAs and defense counsel frequently refer to these disks as "greatest hits," the disks actually contain all the intercepts communications related to that defendant, not just the communications that might be important.  Undersigned counsel is unaware of the origin of the phrase.

## II.   Relevant Law

A motion for a bill of particulars is covered by Federal Rules of Criminal Procedure 7(f).  Judge Arterton has set forth, in comprehensive detail, the relevant law regarding bills of particulars.  The court's summation of the law is worth quoting in detail:

> The standard for determining whether a bill of particulars is appropriate is based on necessity: "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" *United States v. Heredia*, No. 02 CR. 1246(SWK), 2003 WL 21524008, at *9 (S.D.N.Y. July 3, 2003) (quoting *United States v. Facciolo*, 753 F.Supp. 449, 451 (S.D.N.Y. 1990)). The purpose of a bill of particulars is to "supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution of the same offense." *United States v. Sturtz*, 648 F.Supp. 817, 819–20 (S.D.N.Y. 1986). A bill of particulars is appropriate "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." [*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)]; *see also United States v. Wilson*, 493 F.Supp.2d 364, 369 (E.D.N.Y. 2006) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)).

> A bill of particulars is not a discovery device and "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." *United States v. Henry*, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994); *see generally United States v. Bellomo*, 263 F.Supp.2d 561, 580 (S.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret evidence for the defendant, or disclose its legal theory.").

*United States v. Muhammad*, No. 3:09-cr-265 (JBA), 2010 WL 2232438, at *7 (D. Conn. May 26, 2010) (alteration in original) (quoting *United States v. Mandell*, No. 09 Cr. 662 (PAC), 710 F.Supp.2d 368, 2010 WL 1780961, *1 (S.D.N.Y. Apr. 30, 2010)).

In *Muhammad*, the court rejected the defendant's motion for a bill of particulars.  *Id.* at *8.  In rejecting the request, the court noted that the specific requests, "'[t]he basis for the allegation' regarding the time-span of the conspiracy; the specific dates, times, and places in which they 'combined, conspired, confederated, and agreed with the[ir] co-conspirators'; the names of the additional coconspirators known to the Grand Jury but not named in the Indictment; and '[a]ll overt acts not already identified in the [I]ndictment,'" constituted a discovery requests would turn the bill of particulars into a "discovery device."  *Id.* at *7 (alterations in original).  The court found that the requests were improper because a bill of particulars is not vehicle for the disclosure of the Government's evidence, witnesses, or legal theories, nor should the bill be used for assist the defendant's investigation or obtain the "precise way" in which the Government will prove its case.  *Id.*

III.   **Sledge has failed to demonstrate that a bill of particulars is necessary and she already has the information to prepare for trial from the indictment and discovery.**

Sledge's requests are surprisingly similar to the requests rejected by the *Muhammad* Court.[3]  Both concern additional conspirators, dates and times not alleged in the indictment, and lists of all overt acts.  These are simply discovery requests and not within the purview of a motion for a bill of particulars.

---

[3] The underlying requests for bills of particulars in *Muhammad* can be found at 3:09-cr-265 (JBA), docket entries #62 (Defendant Lee); #167 (Defendant Muhammad); and #186 (Defendant Sims).  It appears that the indictment against Defendant Lee was dismissed prior to the adjudication of docket entry #62, *see* #179; the order in *Muhammad* concerns docket entries #167 and #186, *see* #194.

Sledge is charged in three counts of the indictment:  conspiracy to distribute, and to possess with intent to distribute over 28 grams of cocaine base in count one; conspiracy to distribute, and to possess with intent to distribute oxycodone in count two; and, on September 14, 2017, possession with intent to distribute and distribution of cocaine base in count seven.

Starting with the final count, count seven, Sledge clearly has enough information to prepare her defense, avoid surprise at trial, and avoid a second prosecution for the same act.  Sledge is aware of the date of the crime through the indictment and, through the information provided on the very first day of this case via the master affidavit, Sledge is aware that this count concerns the sale of two eight-balls of cocaine base.  Further, Sledge has access to the discovery provided in this case, which provides her with further information about the facts of the alleged crime.

Counts one and two can be analyzed together, as both concern conspiracies to distribute controlled substances.  The indictment lists the dates of the conspiracies as well as the co-conspirators.  *See* ¶¶ 1 & 5.  Sledge's requests seek classic discovery information and these types requests were rejected by the *Muhammad* Court.  Moreover, in light of the discovery, there is no need for a bill of particulars.

The standard when considering a motion for a bill of particulars is not helpfulness – it is necessity.  *Muhammad*, 2010 WL 2232438, at *7.  When considering necessity, it is appropriate for the Court to consider the discovery produced to date.  *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)

5

(upholding district court's decision denying motion when "the defendants have been provided with a wealth of evidentiary detail from the discovery to date, including electronic intercepts, search evidence and exhaustive supporting affidavits.") abrogated on other grounds by *United States v. Marcus*, 628 F.3d 36, 41 (2d Cir.2010).  As set forth in the factual section of this brief, Sledge has already received a tremendous amount of information when she was initially presented and received more information in discovery.  Further, to the extent that the discovery presents a challenge, the "greatest hits" disk allows Sledge to review quickly the communications in which the Government intercepted her and the master affidavit allows Sledge to focus on the calls that the Government set forth to establish probable cause for her initial arrest.

Finally, to the extent that a cooperating witness will provide detail – beyond what the Government has provided in discovery – as to the charges alleged in counts one, two, or seven, the Government will provide those interview reports to Sledge prior to the start of evidence.

IV.   <u>Conclusion</u>

A bill of particulars is warranted when the defendant needs the information to prepare her defense, to avoid unfair surprise at trial, and to preclude a second prosecution on the same offense.  Sledge does not meet any of the above tests. Through the indictment, master affidavit, and discovery, Sledge can prepare her defense and is in no danger of unfair surprise at trial.  Further, given the information provided thus far, Sledge is in no danger of a second prosecution for the same offense.

For the reasons set forth herein, the Government asks the Court to deny Sledge's motion for a bill of particulars on the merits.

JOHN H. DURHAM,
UNITED STATES ATTORNEY

By: __/S/ David C. Nelson__
Patrick F. Caruso (ct17984)
David C. Nelson (ct25640)
Assistant U.S. Attorneys
157 Church Street, 25th Floor
New Haven, Connecticut 06510
Tel:    (203) 821-3700
Fax:    (203) 773-5373
Email:  Patrick.Caruso@usdoj.gov
         David.C.Nelson@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on April 30, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

__/S/ David C. Nelson_____
David C. Nelson
Assistant U.S. Attorney